Nicholus C. Palmer, Esq.
Colorado Bar # 35484
630 East plumb Lane
Reno, NV 89502
Phone: (775) 333-5282
Fax: (775) 323-3699
Attorney for the Plaintiffs:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CHANTEL L. BLUNK et al,

        Plaintiffs,

v.

DR. LYNNE FENTON individually,
DR. LYNNE FENTON as an employee of
COLORADO UNIVERSTIY,
COLORADO UNIVERSITY,
DOES 1 through 5, inclusive,

        Defendants.

## COMPLAINT

COMES NOW Plaintiffs, Chantel Blunk as wife of Jonathan T. Blunk (Deceased) and as the biological parent of the Plaintiffs Maximus T. Blunk and Hailey M. Blunk (minor children), by and through their Counsel, Nicholus C. Palmer, Esq. of the Law Firm of Laub & Laub and avers as follows:

## JURISDICTION

1. At all times relevant to this Case, Plaintiff Chantel Blunk and her minor children Maximus T. Blunk and Hailey M. Blunk were and are residents of the State of Nevada County of Washoe. At all times relevant Chantel Blunk was married to Jonathan T. Blunk. Jonathan T. Blunk was the biological father of Maximus T. Blunk and Hailey M. Blunk who are minor children.

2. Upon information and belief, Defendant Lynne Fenton is and was at all times relevant to this complaint a resident of the state of Colorado.

-1-

3. Colorado University is a university chartered within the State of Colorado.

4. This Court has jurisdiction over Plaintiff's claims against these Defendants pursuant to 28 U.S.C. Section 1332, since there is a complete diversity of citizenship between the parties and the amount in controversy herein exceeds the sum of $75,000.00 exclusive of costs and interest.

5. Venue is proper herein pursuant to 28 U.S.C. Section 1391(b)(2), because all relevant events took place in the District of Colorado.

6. Defendant Does 1 through 5 are possible other employees of Defendant Colorado University and were acting within their scope of employment at all relevant times. Defendant Does 1-5 may also be other parts of the University of Colorado, which may have employed Defendant Fenton or any other Does in this matter. The Plaintiffs requests leave of this Court to amend the Complaint to insert the true names and capacities of the Does 1-5 when the same have been ascertained, to join such Defendants in this action, and to assert the appropriate charging allegations.

## **GENERAL ALLEGATIONS**

7. On or about July 20, 2012, James Holmes entered Auditorium 9 the Century Aurora 16 Theaters located at 14200-14300 E. Alameda Avenue, Aurora, CO 80012 in the County of Arapahoe, State of Colorado and started shooting various firearms at the seated crowd.

8. One of the people killed by the gunfire was Jonathan T. Blunk, husband of Plaintiff Chantel Blunk and father to Maximus T. Blunk and Hailey M. Blunk who are minor children.

9. Upon information and belief, James Holmes the shooter who killed Jonathan T. Blunk was receiving or had recently received psychiatric care and/or mental health counseling from Defendant Lynn Fenton. Defendant Fenton was acting in her scope as an employee of the University of Colorado at the time she administered such care to James Holmes.

10. Upon information and belief, James Holmes told Defendant Fenton on June 11, 2012, that he fantasized about killing a lot of people.

11. Upon information and belief Defendant Fenton notified the University of Colorado Campus Wide Threat Assessment Team about James Holmes.

12. Upon information and Belief Colorado University Police Officer Lynn Whitten asked Defendant Fenton if she should apprehend James Holmes and place him on a 72-hour psychiatric hold. Upon information and belief Defendant Fenton rejected the idea.

13. Upon information and belief there was no further action taken by Defendant Fenton to warn or otherwise stop James Holmes from killing Jonathan Blunk on July 20, 2012.

### FIRST CLAIM FOR RELIEF
### NEGLIGENCE OF LYNNE FENTON

14. Plaintiffs incorporate and re-allege paragraphs 1 through 13 as though set forth herein.

15. Defendant Fenton knew that James Holmes was dangerous. Defendant Fenton had a duty to use reasonable care to protect the public at large from James Holmes. Defendant Fenton was presented with the opportunity to use such reasonable care when the Colorado University Police offered to apprehend James Holmes on a psychiatric hold. Defendant Fenton breached her duty to use reasonable care.

16. Due to this breach of duty to warn or protect the public from James Holmes, Jonathan T. Blunk was killed on July 20, 2012.

17. As a direct and proximate result of Defendant Fenton's negligence, the Plaintiffs will suffer loss of companionship, emotional and psychological distress, economic damages, extreme mental and emotional pain and suffering and fear in an amount greater than $75,000.00.

### SECOND CLAIM FOR RELIEF
### WRONGFUL DEATH PURSUANT TO C.R.S. 13-21-202

18. Plaintiffs Incorporate and re-allege paragraphs 1 through 17 as though set forth herein.

-3-

19. Plaintiffs' husband and father, Jonathan T. Blunk was killed due to Defendant Fenton's negligence. If Jonathan T. Blunk had survived his gunshot wound, he would have been able to maintain an action and recover damages from Defendant Fenton due to her negligence.

20. As a direct and proximate result of Defendant Fenton's negligence, the Plaintiffs will suffer loss of companionship, emotional and psychological distress, economic damages, extreme mental and emotional pain and suffering and fear in an amount greater than $75,000.00

### THIRD CLAIM FOR RELIEF
### RESPONDEAT SUPERIOR UNIVERSITY OF COLORADO

21. Plaintiff incorporates and realleges paragraphs 1 through 20 as though set forth herein.

22. The Plaintiff is informed and believes, and therefore alleges that at the time of the incident, Defendant Fenton was in the employ or employed by The University of Colorado or one of the Doe 1-5 Defendants and was acting within the scope and course of her employment. The Defendant Colorado University is therefore liable to the Plaintiffs under the doctrine of respondeat superior.

23. As a direct and proximate result of Defendant Fenton's negligence and through the doctrine of respondeat superior, Colorado University's negligence, the Plaintiffs will suffer loss of companionship, emotional and psychological distress, economic damages, extreme mental and emotional pain and suffering and fear in an amount greater than $75,000.00.

///
///
///
///
///
///
///

-4-

WHEREFORE, Plaintiffs respectfully pray for judgment in their favor and against the Defendants in an amount which will fully and fairly compensate them for damages, losses and injuries, both past and future, Plaintiffs also request judgment in their favor for pre-judgment and post-judgment interest as proved by law, for costs, attorney's fees, expert witness expenses and for such other relief as this Court deems proper.

Dated this 14th day of January, 2013.

                                          Respectfully submitted by:

                                          /s/ Nicholus C. Palmer
                                          The Law Firm of Laub & Laub
                                          Nicholus C. Palmer, Esq.
                                          Colorado State Bar #35484
                                          630 E. Plumb Lane
                                          Reno, Nevada 89502
                                          Attorney for the Plaintiffs